Dear Mr. Holliday:
This opinion is in response to your question asking:
 Does the fact that a chairman of a Board of Trustees in a Missouri village caused his son to be compensated $237.97 for computer work done for the village constitute "employment" within the meaning of Article VII, Section 6 of the Missouri Constitutional provisions prohibiting nepotism?
You have indicated the following facts give rise to your question:
 The Village of Country Club, Missouri, is governed by an elected Chairman and Board of Trustees. The chairman has a son who is involved with computer sales and service. On June 16, 1986, the Village caused to be paid out of public funds $237.97 for computer work done for the village. This bill was presented to the Board of Trustees at a public hearing of the Board of Trustees along with several other bills. A motion was made to pay all of the bills and the motion carried by a vote of 4 — 0.
Article VII, Section 6, of the Missouri Constitution provides:
 Any public officer or employee in this state who by virtue of his office or employment names or appoints to public office or employment any relative within the fourth degree, by consanguinity or affinity, shall thereby forfeit his office or employment.
The court has interpreted the predecessor section to Article VII, Section 6 as follows:
 The amendment is directed against officials who shall have (at the time of the selection) "the right to name or appoint" a person to office. Of course, a board acts through its official members, or a majority thereof. If at the time of the selection a member has the right (power), either by casting a deciding vote or otherwise, to name or appoint a person to office, and exercises said right (power) in favor of a relative within the prohibited degree, he violates the amendment. . . . State ex inf. McKittrick v. Whittle, 63 S.W.2d 100, 101-102
(Mo. banc 1933).
The issue is what constitutes "employment" within the meaning of this constitutional provision. Cases do not address this particular issue directly; however, the court has held that a person who is engaged in the business of installation, maintenance and repair of equipment and who held himself out independently as available for employment by any person or company having need of his services in and around town was an independent contractor and not an employee of the entity which he contracted with for his services, Feldewerth v. GreatEastern Oil Co., 149 S.W.2d 410 (Mo.App. 1941).
In our opinion the chairman's son is not an "employee" of the Village of Country Club within the meaning of the constitutional provision prohibiting nepotism. To find otherwise would make every supplier of goods and services to governmental entities an "employee" of that governmental entity.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General